SAM GLASSCOCK III
VICE CHANCELLOR

# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 7, 2015
Date Decided: August 4, 2015

Brian M. Rostocki, Esquire
John C. Cordrey, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Michael A. Weidinger, Esquire
Seton C. Mangine, Esquire
Pinckney, Weidinger, Urban & Joyce LLC
1220 N. Market Street, Suite 950
Wilmington, DE 19801

Stephen B. Brauerman, Esquire
Sara E. Bussiere, Esquire
Bayard, P.A.
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899

Re: *Barry Henson, et al. v. Filomena Sousa, et al.*,
    Civil Action No. 8057-VCG

Dear Counsel:

This matter comes before me in an unusual posture. Plaintiff Barry Henson is a member of Defendant Talsico, LLC (the "Company") along with Defendants Filomena Sousa and Daniel Wilkinson. Henson, together with an Australian private company he wholly owns, Plaintiff Walkabout II Pty Limited, has sued Sousa and Wilkinson, among others, for malfeasance related to the Company. By order of this Court (the "Order"), the Company is now in receivership under

Stephen B. Brauerman, Esquire, who is marshalling the Company's assets for the benefit of creditors and for distribution.[1]

Sousa and Wilkinson have requested advancement of their defense costs arising from this action from the Receiver. The Order appointing the Receiver gave him plenary authority over the affairs of the Company, but with respect to requests for advancement directed the Receiver to decide requests in the first instance only, with disputes over advancement (and indemnification) reserved for the Court.[2] On July 1, 2014, the Receiver issued his decision, in which he proposed to pay Sousa's and Wilkinson's defense costs in priority to the claims of creditors of the Company.[3] The Plaintiffs objected. I heard oral argument on that objection on June 30, 2015.[4]

While I find that the Receiver's position was thoughtful and well-reasoned, I agree with the Plaintiffs that advancement is not appropriate here, for two independent reasons. First, it is not clear from the record as it now exists that an LLC agreement providing for advancement for members exists. The Plaintiffs

---

[1] *See* Order Granting Receivership over Talsico, LLC (July 29, 2013).
[2] *Id.* ¶ 7.
[3] *See* First Report of the Receiver for Talsico, LLC at 6–7 (July 21, 2014).
[4] Following oral argument, I asked the parties to submit supplemental letters detailing the extent of the Defendants' representations concerning whether the LLC agreement produced by the Plaintiffs early in this litigation was the operative agreement governing the Company. The Defendants filed their letter on July 2, 2015, and the Plaintiffs filed their response on July 7, 2015, at which time this matter was fully submitted.

2

filed the purported LLC agreement in the initial stages of this litigation,[5] but the Defendants, in their Answer, denied that this was the operative LLC agreement and argued that at least one of the member's signatures on the purported LLC agreement was forged.[6] While the Defendants have held various positions throughout this litigation, at times conceding that the terms of the "forged" LLC agreement should control, as late as oral argument on the instant issue, they still maintained that the LLC agreement advanced by the Plaintiffs was not the actual agreement governing the Company.

LLCs, as this Court has repeatedly pointed out, are creatures of contract. The members can specify certain rights as they find appropriate in the LLC agreement. Among these rights are advancement rights. However, if the LLC agreement is silent in regard to advancement rights, no such rights are conveyed.[7] Since the Defendants cannot point to an LLC agreement that is the actual

---

[5] *See* Pls.' Reply Br. in Supp. of Their Mot. for a Temporary Restraining Order, Ex. H.

[6] *See* Answer ¶ 57.

[7] *See* 6 *Del. C.* § 18-108 (providing that an LLC *may* provide for indemnification rights, of which advancement rights are a subset, in its LLC agreement); *Majkowsi v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 591 (Del. Ch. 2006) ("The point of § 108 is that the parties to these agreements have complete freedom of contract—they are free to contract for advancement because neither the statute nor any principle of law or equity prohibits it. . . . [B]ecause mandatory advancement rights deprive the board of the opportunity to evaluate the important credit aspects of a decision to advance expenses, the better policy is to require the documents to expressly state their intention to mandate advancement." (internal quotation marks and alterations omitted)); *id.* at 592–93 ("The public policy in favor of advancement rights, much like the public policy in favor of arbitration, does not trump basic principles of contract interpretation, and does not alter the fact that a limited liability company will only be obligated to advance litigation expenses to an officer when its LLC agreement expressly states the company's intention to mandate advancement." (internal quotations marks and footnote omitted)).

3

agreement governing the Company, it follows that they cannot point to a provision in an LLC agreement which provides them with advancement rights. The most they can do is posit that a "standard form" LLC agreement exists, but has not been located. The Defendants cannot rely on the LLC agreement submitted by the Plaintiffs, which they do not acknowledge is the operative LLC agreement.

This places the Plaintiffs in the curious position of advocating for the authenticity of an LLC agreement providing advancement rights, while simultaneously relying on the Defendants' denial of that authenticity in *opposing* advancement. In the unique posture of this litigation, however, where the Company has ceased all operation and the duty of the Receiver is to marshal and distribute the assets, first to creditors and then to members, it would be inequitable to presume a right to extend advancement based on the disputed agreement.

The second ground for denying advancement relates directly to the latter point—the interests of creditors in the assets of an LLC in receivership. The Defendants argue that advancement rights (assuming they exist here) should be paid in priority to any rights of creditors, noting the importance of advancement rights in the corporate and entity context. The Receiver agreed with the Defendants in reaching his decision on advancement, but without the benefit of this Court's recent consideration of that precise issue in *Andrikopoulos v. Silicon*

4

*Valley Innovation.*[8] In that thoughtful Opinion, Vice Chancellor Parsons, after noting that the receivership statutes give no guidance in this area, rejected the argument that advancement claims were pre-existing claims which deserved priority, on policy grounds.[9] He acknowledged Delaware's interest in advancement as necessary to encouragement of individuals to serve as corporate officers and fiduciaries, but noted that the "strong analogy between receiverships and bankruptcy points in the other direction," that of treating those seeking advancement as on par with other creditors, as would happen were the entity in bankruptcy proceedings rather than receivership.[10] The Court reasoned that the same issues—considerations favoring advancement versus protection of creditors (including preserving the ability to recover on behalf of the entity under claims against insiders, in the interest of those creditors)—were present in both the bankruptcy and receiver context.[11] The Court found, in the particular context of winding up of a business entity, that "the relevant importance of the policy justification of advancement as an inducement to attract qualified individuals to manage the company is diminished" and that "granting administrative priority to advancement claims, such as Plaintiff's claims here, could seriously undermine, if not entirely eliminate, the ability of companies in receivership to pursue claims

---

[8] 2015 WL 4594100 (Del. Ch. July 30, 2015).
[9] *See id.* at *5 ("After careful consideration, I conclude that Plaintiffs' advancement claims should be treated the same as the claims of other unsecured creditors.").
[10] *Id.*
[11] *Id.*

5

against former management."[12]  In this context, the Court found that equity and public policy favored treating advancement claims as, in effect, indemnification claims in this limited circumstance, relegating those claims to an equivalency with other creditors' claims.[13]  I adopt the rationale of *Andrikopoulos* here.

For the forgoing reasons, the Plaintiffs' Opposition to the Receiver's Determination Regarding Payment of Advancement to Defendants is sustained. The parties should provide an appropriate form of order.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[12] *Id.*
[13] *Id.*